### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LOVATO,

      Plaintiff,

v.                                      No. CV 11-0512 WJ/LFG

VINCENT MARTINEZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint.  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP").  The filing fee for this civil rights complaint is $350.00.  Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1).  Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1).  For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's attorney in a state criminal proceeding wrongfully

induced him to sign a no-contest plea. Specifically, Plaintiff alleges that he does not read well and

had no knowledge of a firearm that was part of the charges against him. Furthermore, the additional

time imposed as part of his illegal sentence has placed him in danger. He contends that Defendant's

actions violated certain of his constitutional rights and caused him mental stress and anxiety. For

relief, the complaint asks for reduction of Plaintiff's sentence, or dismissal of charges, and damages.

No relief is available in this action under 42 U.S.C. § 1983 on Plaintiff's claims for reduction

of sentence or dismissal of charges.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress"
> against any person who, under color of state law, "subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights, privileges, or
> immunities secured by the Constitution.". . . Despite its literal applicability,
> however, § 1983 must yield to the more specific federal habeas statute, with its
> attendant procedural and exhaustion requirements, where an inmate seeks injunctive
> relief challenging the fact of his conviction or the duration of his sentence. Such
> claims fall within the "core" of habeas corpus and are thus not cognizable when
> brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*,

411 U.S. 475, 489 (1973)). As discussed in *Nelson*, Plaintiff's claims for reduction of sentence or

dismissal of charges are not cognizable in this § 1983 action, and the Court will dismiss these

claims.

Nor do Plaintiff's allegations state claims under § 1983 for damages against his former

attorney. A § 1983 complaint must allege facts demonstrating the two elements of the statute: that

a federal right was violated and that the deprivation was caused by a person acting "under color of

state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890

(10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")

Here, Plaintiff's complaint does not allege that Defendant Martinez was acting under color of state law.  "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."  *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *and see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  Because Defendant Martinez was not acting under color of state law in defending a criminal case, the Court will dismiss Plaintiff's § 1983 claims against him.  *But cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of claims with prejudice precludes litigation in state court).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims for reduction of sentence or dismissal of state criminal charges are DISMISSED without prejudice to his right to pursue relief under the habeas corpus statutes, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE